IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONNIE V. WILLIAMS, #239426, ) <br> a.k.a., Ronald Vincent Williams, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KILBY CORRECTIONAL ) <br> FACILITY, *et al.*, ) <br> ) <br> Defendants. ) | CASE NO. 2:15-CV-729-WKW <br> [WO] |

## **ORDER**

Plaintiff is an inmate in the custody of the Alabama Department of Corrections ("ADOC"). Proceeding *pro se*, Plaintiff seeks a temporary restraining order and preliminary injunction enjoining ADOC officials "from questioning [him] about any matters already being reviewed within this court[ ]." (Doc. # 31.) The motion for a temporary restraining order is due to be denied, and the motion for preliminary injunction will be referred to the Magistrate Judge.

A temporary restraining order may be granted without notice if

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant[ ] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  A temporary restraining order has the same four elements as a preliminary injunction, and the movant bears the burden of demonstrating that they are present.  *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001).[1]

Plaintiff falls short of meeting the prerequisites for the exceptional remedy of a temporary restraining order.  First, he does not allege any concrete facts to support a finding that a temporary restraining order is necessary to prevent immediate and irreparable injury before Defendants can be heard in opposition.  Second, he has not submitted a verified complaint or affidavit in support of his allegations.  Third, Plaintiff has not submitted the certification required by Rule 65(b)(1)(B).  Fourth, he has not argued or demonstrated that he has a substantial likelihood of success on the merits.

Accordingly, it is ORDERED that Plaintiff's motion for a temporary restraining order (Doc. # 31) is DENIED.

It is further ORDERED that the motion for a preliminary injunction (Doc. # 31) is REFERRED to the Magistrate Judge for further proceedings and a recommendation.

---

[1] These four elements are "(1) a substantial likelihood of success on the merits, (2) a threat of irreparable injury, (3) that its own injury would outweigh the injury to the nonmovant, and (4) that the injunction would not disserve the public interest."  *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999).

DONE this 29th day of December, 2015.

                                          /s/ W. Keith Watkins
                                 CHIEF UNITED STATES DISTRICT JUDGE