IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONNIE V. WILLIAMS, #239426, | ) | |
| a.k.a., Ronald Vincent Williams, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 15-CV-729-WKW |
| | ) | (WO) |
| CLIFF WALKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Ronnie V. Williams, a.k.a., Ronald Vincent Williams, a state inmate presently incarcerated at the Easterling Correctional Facility ("Easterling"). In the instant case, Williams challenges the parole consideration process relevant to the most recent decision to deny him parole.

On December 29, 2015, the plaintiff filed a Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. 31), seeking to prohibit the named defendants—who are parole officials, correctional administrators or officers, or the "mental health administrators" at Easterling—"from questioning [him] about any matters already being reviewed within this Court." Doc. 31 at 1. The District Court entered an order denying the motion for temporary restraining order. In so doing the Court noted that "[a] temporary restraining order has the same four elements as a preliminary

injunction" and determined that "Plaintiff falls short of meeting the prerequisites for the exceptional remedy of a temporary restraining order." Doc. 32 at 2 (finding that Williams did not allege facts establishing "that a temporary restraining order is necessary to prevent immediate and irreparable injury" and failed to "demonstrate[] that he has a substantial likelihood of success on the merits"). The Court referred the Motion for Preliminary Injunction to the undersigned for review and recommendation. Doc. 32 at 2.

On January 5, 2016, the undersigned entered an order that the defendants show cause as to why the Motion for Preliminary Injunction should not be granted. Doc. 33. The defendants filed a response to this order on January 19, 2016 (Doc. 35), along with a special report addressing Williams' claims challenging the denial of parole in June of 2015 (Doc. 36). Williams subsequently filed a response to the defendants' special report in which he argues that the defendants have not reviewed his actual records during the parole consideration process. In support of this assertion, Williams maintains that there is a conflict in the name on his social security card, Ronald Vincent Williams, and the name referenced by parole board members at his June 16, 2015 hearing, Ronnie V. Williams. Doc. No. 38.[1] Williams, however, makes no argument relevant to his request for preliminary injunctive relief in this response.

## II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).

---

[1] The court notes that the plaintiff signed the amended complaint on which this case is proceeding "/s/ Ronald Vincent Williams/Ronnie Williams." Doc. 8 at 6.

This court may grant a preliminary injunction only if Williams meets each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-1035 (11th Cir. 2001); *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999); *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983). "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." *McDonald's*, 147 F.3d at 1306 (internal quotations omitted) (citing *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (holding that a grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). Moreover, the Eleventh Circuit has cautioned that the "chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir. 1990); *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III. DISCUSSION

In their response to the show cause order, the defendants maintain that they have

not taken any action with respect to seeking information from the plaintiff regarding this cause of action or any other action before this court. Doc. 35 at 1-2. Specifically, the defendants assert that the injunctive relief sought by Williams is directed at correctional and mental health officials for actions they may have taken or will attempt to take that are unrelated to this case. Doc. 35 at 2. Moreover, in their special report, the defendants deny that the parole consideration process challenged herein violated any right protected by the Constitution and assert that the decision to deny parole was not based on false information. Doc. 36 at 6.

Turning to the first and second prerequisites for issuance of preliminary injunctive relief, the undersigned finds that Williams has failed to demonstrate either a substantial likelihood of success on the merits of his pending claim or a substantial threat that he will suffer the requisite irreparable injury absent issuance of the requested preliminary injunction. Specifically, the evidentiary materials submitted by the defendants indicate that they took no adverse action against Williams based on the records of another inmate. In addition, it is undisputed on the record before the court that the motion for preliminary injunction addresses actions in which the named defendants did not participate, and over which they exerted no control. Consequently, there is no basis for issuance of the requested preliminary injunctive relief.

The third factor, balancing potential harm to the parties, also weighs in favor of the defendants, as issuance of the injunction would have an unduly adverse effect on the ability of parole officials to exercise their professional judgment in determining those inmates who are suitable for release on parole. Furthermore, issuance of a preliminary

injunction against parole officials for alleged adverse actions undertaken by correctional officials and/or correctional mental health personnel would impede the parole consideration process. Finally, at this juncture, the public interest element of the equation likewise militates in favor of the defendants as it is in the best interest of the public that parole officials have full discretion to release only those inmates best suited for parole.

In light of the foregoing, the undersigned concludes that the plaintiff has failed to meet his burden of demonstrating the existence of each prerequisite necessary for issuance of preliminary injunctive relief.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for preliminary injunction filed by the plaintiff be DENIED.

2.  This case be referred back the undersigned for additional proceedings.

It is further ORDERED that on or before February 10, 2016 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d

404 (5th Cir. 1982); 11TH C<small>IR</small>. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 27th day of January, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE